UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAKAYLA SMITH,

Plaintiff,

v. Case No. 8:26-cv-3030-VMC-LSG

DOLLAR TREE STORES, INC. and DEEDEE DOE,

Defendants.
______________________________/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Makayla Smith originally initiated this slip-and-fall action in state court on August 6, 2026. (Doc. # 1-1). Thereafter, on October 5, 2026, Defendant Dollar Tree Stores, Inc. removed the case to this Court based on diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant asserted that the amount in controversy exceeds $75,000, based solely on the details of injury described and the categories of damages requested in the complaint. (Doc.

# 1 at 3-5). Defendant highlighted that Plaintiff "claims to have sustained permanent injuries" that have caused, and will continue to cause, permanent bodily injury, medical and nursing care, loss of earnings in the past, and loss of ability to earn wages in the future. (Id. at 5).

Upon review of the notice of removal, the Court was not persuaded that the amount-in-controversy requirement has been satisfied. (Doc. # 5). Specifically, the Court wrote:

> In the notice of removal, Defendant relies upon the allegations of injury in the complaint to argue that the amount in controversy exceeds $75,000. The Court is not convinced. The allegations of "serious and permanent injuries" to Plaintiff in the complaint are vague boilerplate that do not persuade the Court as to the extent of damages at issue. The conclusory statement that "Plaintiff's alleged and proffered damages not only satisfy, but exceed the Federal Court's $75,000.00 jurisdictional threshold" does not provide information as to the amount of Plaintiffs' past medical bills or lost wages. See Durshimer v. LM Gen. Ins. Co., No. 8:20-cv-2014-VMC-AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020) ("No concrete information is provided regarding past or future medical expenses, pain and suffering, or lost wages. Accordingly, these categories of damages are too speculative to include in the amount in controversy calculation."). Furthermore, "damages based on future loss of income, future medical expenses, or pain and suffering are too speculative to include in the Court's [amount in controversy] calculation." Ulrich v. Progressive Express Ins. Co., No. 8:22-cv-2541-VMC-AAS, 2022 WL 17336183, at *2 (M.D. Fla. Nov. 30, 2022). The Court is left with nothing beyond rank speculation. Thus, at this juncture, the Court concludes that the

> amount in controversy requirement is not met, and this Court lacks subject matter jurisdiction.

(Id.). The Court gave Defendant an opportunity to provide additional information to meet its burden. (Id.). However, Defendant did not avail itself of this opportunity.

In short, the information contained in the notice of removal and underlying complaint does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case. Defendant has not carried its burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of October, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE